McCALL *v.* BRADLEY, *et. al.*

An appeal from a justice of the peace to the district court, in an attachment suit, will not release the plaintiff from liability on his attachment bond; as the appeal bond is not substituted for the attachment bond.

ERROR *to* *Wapello District Court.*

*Opinion by* WILLIAMS, C. J. This cause was originally instituted and tried at May term, 1848, in the district court of Wapello county. A verdict and judgment was then entered thereon in favor of the plaintiff. Upon a writ of error to this court, at June term, 1849, the judgment of the district court was reversed and a trial *de novo* awarded. A writ of procedendo was issued to the court below, and at February term, 1850 ; the cause was again tried by the judge without the intervention of a jury. Judgment of non suit was entered against the plaintiff, on the ground that the attachment bond could only apply to the proceedings, and their results, before the justices. That the effect of the bond under the attachment did not extend to the appeal, and that the failure of Bradley, the plaintiff in the original

suit, to recover, on the appeal, was no breach of the condition of the attachment bond.

The only question for decision here, is, as to the effect of the attachment bond, which, under the provisions of the statute, was filed by the plaintiff upon commencing his action before the justice. In this case, an appeal was taken from the judgment of the justice, as allowed and provided for by the statute. Upon trial in the district court, the plaintiff failed to recover. The property of the defendant had been seized, and was held by the writ of attachment, pending the suit before the justice, and in the district court. Upon the failure of the plaintiff to recover against him, he resorted to his remedy on the attachment bond for indemnity in damages, by suit against Bradley and his security, Mason. Did the taking of the appeal to the district court, from the judgment of the justice, release the attachment plaintiff, Bradley, and his security, from the obligations of the attachment bond? Or, is the effect of an attachment bond confined and limited by the " act regulating proceedings before justices of the peace " merely to such proceedings, while pending before the justice? We think that the statutory provisions, as well as just reasoning, in view of the rights of parties litigant, furnish an answer to this question, which will not admit of doubt.

Rev. Stat. 315, § 3, provides that "suits may be instituted before a justice, either by voluntary appearance, and agreement of the parties, or by process, and the process for the institution of a suit before a justice, shall be either a summons or warrant against the person, or attachment against the property of the defendant." The justice, before whom the suit is brought, is required to " endorse upon the summons, or warrant, or writ of attachment, the amount claimed by the plaintiff, including interest and costs. Rev. Stat. 317, § 15. Here is express statutory provision, authorizing a plaintiff to commence his suit before a justice of the peace, by writ of attachment, and requiring an endorsement

M

McCall *v.* Bradley.

of the amount claimed on the writ, so that the defendant, upon his first knowledge of the suit and demand, may save trouble and costs by paying the debt to the officer, and thus put an end to litigation. The writ having issued, the justice, having jurisdiction of the subject matter, if the debt be not paid as above upon service of the writ, is required in due course to proceed to judgment. Judgment being rendered, either party may appeal from the decision of the justice to the district court. And "any person aggrieved by *any* judgment or decision of a justice of the peace, may in person, or by his agent, make his appeal therefrom to the district court of the same county, where the judgment was rendered or the decision made." Rev. Stat., 333, § 1.

When an appeal is taken, the justice must "file with the clerk of the district court, of the proper county, a transcript of all the entries made in his docket relating to the case, together with all the process and other papers, relating to the suit, filed with the said justice, five days before the first day of the term of the said district court, next after said appeal was allowed." Thus by these provisions of the statute, the whole case, *ab initio*, is removed to the district court, as the appellate tribunal, to be there tried and decided. The district court being possessed of the cause, it is required to "proceed to hear, try, and determine the same anew."

It is true, that the statute, providing for the taking of an appeal from the judgment of a justice of the peace, requires the appellant to give a bond with security, for the prosecution of his appeal with effect, so as to secure the rights of the appellee. But there is nothing in this provision, which is, in the least, incompatible with the rights of parties as existing, by virtue of the attachment bond. The propriety and necessity of that bond, for the security of the rights of the attachment defendant, whose property or effects had been seized, and kept, to secure the payment of the sum of

McCall *v.* Bradley.

money, for which the plaintiff might obtain judgment finally, in the district court, on the appeal, is apparent; such, clearly, was the design of the legislature. In such a procedure, where property is, by the first process, summarily attached and held in custody of the law, and where the right of appeal is given, if the defendant were the appellant, and on trial, in the district court, he should, as in this case, succeed in defeating the plaintiff's action, he would be without remedy for all the money he had sustained by the act of the plaintiff in divesting him of his property without cause. This proceeding, by attachment, is intended for use in extraordinary cases, to prevent injustice, fraud and inconvenience to *bona fide* creditors, by dishonest debtors; or those who seek to avoid the payment of honest debts, and whose property and effects cannot be reached by the ordinary process of the law. It is susceptible of abuse by the reckless and illadvised. By such, it may be made the means of oppression and ruin to the honest, but unfortunate debtor. This, doubtless, the intelligence of the legislature discerned, and hence an indemnity for the money was provided.

But, in addition to this view of the case, the law providing for the writ of attachment, in the justices act, clearly contemplates that creditors, whose demands do not amount to more than fifty dollars, and not less than five dollars, may sue their debtors by attachment. It expressly provides that, "writs of attachment shall be issued and returned in like time and manner as ordinary writs of summons, and, when the defendant is summoned to answer, the like proceedings shall be had between him and plaintiff, as in ordinary actions on contracts, and a general judgment may be rendered for or against the defendant;" and that "the writ shall be served upon the defendant as an ordinary summons." Rev. Stat., 339, §§ 1, 3, 4. Thus the action may be instituted by the writ of atttachment alone, and conducted through-

McCall *v.* Bradley.

out, as in the case of an ordinary summons, to final judg-ment, either before the justice, or upon appeal from his judgment, in the district court, so far as the proceedings are concerned.  The attachment bond, given by the plaintiff, and required by the statute, before he was permitted to issue his writ, contemplates, and provides for, his responsibility to the defendant for damages for issuing the attachment " if he shall fail to recover judgment thereon," &c.  From the whole proceedings, as prescribed by the statute, as well as its peculiar character in relation to the rights of the part-ies, it is impossible for us to discover by what rule of law or justice, an appeal to the district court, from the judgment of the justice, should release the plaintiff from the responsi-bility incurred by his attachment bond.

He had the right of appeal upon giving bond with secu-rity, &c.  Having taken his appeal he is only bound by his appeal bond, with his security, to " satisfy the judgment of the district court, if it be given against him, or if the appeal be dismissed, that he will pay the judgment of the justice, together with the costs of appeal."  This is an obligation altogether different from that of the bond required by the attachment law, upon the issuing of the writ.  The condi-tion of the latter, is, " that he shall pay to the debtor all damages and costs which he may sustain by reason of the issuing of such attachment, if the creditor fail to obtain judgment thereon, and if such judgment be recovered, that such creditor will pay the debtor all the money which shall be recovered by him from any property levied upon and sold under such attachment, over and above the amount of such judgment and interest and costs thereon."  In design and substance, the bonds are entirely different.  To give to the appeal bond the effect of a release as to the attachment bond, would, we think, be entirely subversive of right, and contravene the manifest intention of the legislature, by leav-ing the defendant in the proceeding by attachment, without

redress in damages, for the injury sustained by reason of the wrongful suing out of the attachment.

*H. B. Hendershott*, for plaintiff in error.

*J. H. Cowles*, for defendant.